The Chief Justice
delivered the opinion of the court.
This was .a traverse taken by Slader to the inquest of a jury finding him guilty of a forcible detainer, with which he was charged by Helm.
Helm haying produced in evidence on the trial of the traverse, a lease from him to Slader for the premises, the term whereof had expired, and it being proved that Slader had been in possession of the premises, but not under Helm, for several years before the date of the lease; Slader’a counsel moved the court to instruct the jury, that Helm could not recover the premises of Slader in this form of action, unless he should prove to the jury that Slader had originally obtained the possession as tenant of Helm, which instructions the court accordingly gave.
Whether this instruction is correct or not, is the first and principal question involved in this case.
This question depends upon the exposition of the 16th section of the “act regulating the mode of proceedings ia cases of forcible entry and detainer,” page 149 of sesssiou acts of 1809. That section, after the enacting part, declaring that if a tenant, after the expiration of his term in the premises, refuses to restore the possession to his landlord, he shall be adjudged guilty of a forcible detainer, and may be proceeded against accordingly, proceeds “that if the “tenant deny that he entered the premises as tenrnt to the “plaintiff, or those under whom he claims, he shall not be “adjudged a tenant within the meaning of this act, unless “the plaintiff shall satisfactorily prove that the defendant “obtained the possession astenantlo the plaintiff, or to the “person or persons under whom he held, and that the tenant “holds over.”
There is no doubt that this section ought to be so .con-stfued as to give some operation and effect both to the enacting part, and to the saving or proviso. To do this it is clear-? necessary that the proviso should be interpreted to extend some description of tenants under lease, foras the enacting part of the section only embraces the cases of land-lords and tenants, unless the proviso is made to operate as a saving or exception to some description of that class of cases, it can have no effect whatever. What then is the description of ca- *321 á%s which comes within the proviso? most clearly those where the tenant had obtained the possession of before the lease, and not'under the land-lord, or those under whom he claims, and the present is precisely a case of that description.
Pope for appellant* B. Hardin ion appellee.
The instruction given by the circuit court was therefore correct. Other points were made in the circuit court, but from the decision already given upon the main point, it seems unnecessary to investigate the others; we may, however, remark, that we perceive no error in the decision of those points bv the circuit court.
Judgment affirmed with cost.